## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JB Innovations Limited and Carac International Limited d/b/a TrackGrip, <br><br>         Plaintiffs, <br><br> v. <br><br> Chains for Tracks, Inc., <br><br>         Defendant. | Case No. 1:25-cv-6683 <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiffs JB Innovations Limited ("JB Innovations") and Carac International Limited, doing business as TrackGrip ("Carac" or "TrackGrip") (collectively, the "Plaintiffs") hereby allege as follows against Defendant Chains for Tracks, Inc. ("Chains for Tracks" or "Defendant"):

### INTRODUCTION

1.     This is a civil action for patent infringement brought under 35 U.S.C. §§ 271 and 281 to address Defendant's making, using, offering for sale, and/or selling unauthorized and unlicensed products that infringe JB Innovations' patent for devices that enhance the traction of track driven vehicles.

2.     Specifically, Defendant is infringing JB Innovations' duly issued U.S. Patent No. 12,275,470 (the "'470 Patent").

3.      The '470 Patent is valid, subsisting, and in full force and effect. JB Innovations is the owner and lawful assignee of all rights, title, and interest in the '470 Patent. A true and correct copy of the '470 Patent is attached as Exhibit A.

4.      Defendant directly and/or indirectly manufactures, distributes, markets, offers to sell, and/or sells products that infringe the '470 Patent (the "Accused Products") in the United States, including in Illinois and this Judicial District, and otherwise purposefully directs infringing activities in this district in connection with the Accused Products.

5.      Defendant conducts this activity through its fully interactive commercial Internet e-commerce store operating on the https://chainsfortracks.com/ website (the "Defendant's Internet Store") and through various agents throughout the United States, including in Illinois and this Judicial District.

6.      Plaintiffs are forced to file this action to combat Defendant's infringement of the '470 Patent, as well as to protect unknowing consumers from purchasing infringing products over the Internet and through Defendant's agents.

7.      As a result of Defendant's actions, Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented product. Plaintiff therefore seeks injunctive and monetary relief.

## SUBJECT MATTER JURISDICTION

8.     This action arises, in part, under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

## PERSONAL JURISDICTION

9.     Personal jurisdiction exists over Defendant in this Judicial District pursuant to 735 ILCS 5/2-209 or, in the alternative, Fed. R. Civ. P. 4(k) because, upon information and belief, Defendant regularly conducts, transacts and/or solicits business in Illinois and in this Judicial District, and/or derives substantial revenue from business transactions in Illinois and in this Judicial District, and/or otherwise avails itself of the privileges and protections of the laws of the State of Illinois such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

## VENUE

10.     Venue is proper in this Court pursuant to at least 28 U.S.C. §§ 1391(b)-(d) and 1400(b)1391(b)(2) because Defendant has committed acts of patent infringement in this Judicial District, does substantial business in the Judicial District, and has registered agents conducting business on its behalf in this Judicial District. Specifically, Defendant is reaching out to do business with Illinois residents

3

by operating a commercial, interactive internet store through which Illinois residents can purchase Defendant's infringing products. Defendant has targeted sales from Illinois residents by operating online stores that offer shipping throughout the United States, including Illinois and this Judicial District. Defendant is conducting business with and through agents located in Illinois through which Illinois residents can purchase Defendant's infringing products. Defendant's infringing activity has wrongfully caused Plaintiffs substantial injury in the State of Illinois.

## THE PLAINTIFFS

11.    JB Innovations is a New Zealand limited company. JB Innovations is the owner of several U.S. patents, including the '470 Patent.

12.    Carac is a New Zealand family-owned business that has been operating since 1988. Carac is doing business as TrackGrip. TrackGrip manufactures the ChainGrip track attachment product in Pennsylvania.

13.    TrackGrip is the sole licensee of the '470 Patent, and is responsible for manufacturing the ChainGrip track attachment product embodying the claims of the '470 Patent.

## THE '470 PATENT AND CHAINGRIP PRODUCT

14.    TrackGrip is a leader in innovation and patented products for track driven machines. TrackGrip was established in 2010 by John Burling, a former New

4

Zealand motorcross champion whose engineering talent began as a young boy fixing neighbor's lawnmowers out of his dad's shed. *The Story of TrackGrip: Innovation, Patents, and Engineering Mastery*, TrackGrip, https://trackgrip.com/the-story-of-trackgrip-innovation-patents-and-engineering-mastery/ (last visited June 17, 2025).

15.     The construction and agriculture industries utilize a variety of track driven machines, including, for example, excavators, skid steers, and hoes. The majority of these machines are propelled using flat tracks.

16.     One disadvantage of flat tracks is that they lose traction in snow, mud, and on other slick surfaces. Additionally, tracked vehicles may lose traction on steep slopes. Loss of traction is a commonly known problem in the industry. *See, e.g.*, Curt Bennink, *Ensure Safe, Effective Excavator Operation on Slopes*, For Construction Pros.com (Jan. 4, 2017), https://www.forconstructionpros.com/equipment/earthmoving/excavators/article/12285554/ensure-safe-effective-excavator-operation-on-slopes; *see also* Lilly Beet, *Common Issues with Rubber Excavator Trucks and Their Solutions*, MSRI Home (2024), https://www.msrihome.com/common-issues-with-rubber-excavator-trucks-and-their-solutions/.

17.     Traction is a fundamental condition for all vehicles and without adequate grip, the tracks will spin, and the vehicle will not move. The traction

required in hard icy conditions will be different from that needed for wet or muddy surfaces. Traction for heavy machinery adds another layer of complexity—since the machines are larger and heavier and the sites (construction, forestry, mining, etc.) require them to maneuver into and out of more difficult areas. *Why TrackGrip Track Attachments Are Your Best Alternative to Grousers, Lugs, Cleats and Track Pads,* TrackGrip, https://trackgrip.com/why-trackgrip-track-attachments-are-your-best-alternative-to-grousers-lugs-cleats-and-track-pads/ (last visited June 17, 2025).

18.     John Burling established TrackGrip to address the critical need for improved safety and efficiency in tracked machines. His vision for TrackGrip was driven by a personal accident, motivating him to develop products that would mitigate such risks. *The Story of TrackGrip: Innovation, Patents, and Engineering Mastery*, TrackGrip, https://trackgrip.com/the-story-of-trackgrip-innovation-patents-and-engineering-mastery/ (last visited June 17, 2025).

19.     Mr. Burling invented the TrackGrip range of products in 2010, including the MightyGrip, IceGrip, and RubberGrip bolt-on-track attachments designed to increase traction for track-driven machines. *About Us*, TrackGrip, https://trackgrip.com/about-us/ (last visited June 17, 2025).

20.     The MightyGrip, IceGrip, and RubberGrip track attachments are steel bars that fit over the top of the machine's tracks to provide enhanced forward and

6

sideways traction on all types of terrain. They offer enhanced traction, stability and safety for excavators, hoes, skid steers and rubber-tracked vehicles. *Why TrackGrip Track Attachments Are Your Best Alternative to Grousers, Lugs, Cleats and Track Pads,* TrackGrip, https://trackgrip.com/why-trackgrip-track-attachments-are-your-best-alternative-to-grousers-lugs-cleats-and-track-pads/ (last visited June 17, 2025).

21.     As new models of excavators and other tracked vehicles have been brought to market, the variety of widths in both steel and rubber tracks has dramatically increased. In response to these demands, in 2021, TrackGrip extended the range of its products by developing its ChainGrip track attachment product to increase the traction, stability, and safety of track driven machines. TrackGrip spent twelve months testing and developing the ChainGrip across numerous parameters including strength, reliability, and destruction across various vehicle sizes. *About Us*, TrackGrip, https://trackgrip.com/about-us/ (last visited June 17, 2025); *ChainGrip*, TrackGrip, https://trackgrip.com/chaingrip/ (last visited June 17, 2025).

22.     The ChainGrip track attachment was designed to multi-fit across 95% of track widths as well as new profiles and patterns on tracks, providing an innovative traction solution for the majority of steel- and rubber-tracked vehicles on the market. *About Us*, TrackGrip, https://trackgrip.com/about-us/ (last visited June

17, 2025); *ChainGrip*, TrackGrip, https://trackgrip.com/chaingrip/ (last visited June 17, 2025).

23.     Perhaps the most unique feature of TrackGrip's track attachments is that they require zero drilling or welding. The track attachments can be bolted directly onto the track of the machine, making them quick, simple and easy to attach or remove while maintaining the integrity of the tracks. *Why TrackGrip Track Attachments Are Your Best Alternative to Grousers, Lugs, Cleats and Track Pads,* TrackGrip,     https://trackgrip.com/why-trackgrip-track-attachments-are-your-best-alternative-to-grousers-lugs-cleats-and-track-pads/ (last visited June 17, 2025).

24.     The ChainGrip track attachment includes two opposing brackets with a chain extending between the brackets, as shown below.



*ChainGrip*, TrackGrip, https://trackgrip.com/chaingrip/ (last visited June 17, 2025).

25.     The ChainGrip track attachment also includes an adjustable bolt system that allows it to fit 95% of tracks regardless of the width of the track. *Id.*

26.     Examples of the ChainGrip track attachment as installed on an excavator are produced below. *Id.*

 

27.     TrackGrip's efforts have been widely successful, garnering industry praise and recognition, as well as commercial success across its various lines of products. For instance, a fencing contractor in New Zealand implemented ChainGrip track attachments for work on a ridge-top farm.  The contractor explained that "[w]ithout the ChainGrips [sic] we would have had to do some of the job by hand which would have stretched it out…. I know the ChainGrips [sic] will come through for me." *ChainGrip Cuts Downtime for Fencing Business*, TrackGrip, https://trackgrip.com/chaingrip-cuts-downtime-for-fencing-business/  (last visited June 17, 2025).

28.     John Burling's dedication to safety and innovation has garnered TrackGrip international acclaim and expanded its product reach into global markets.

*The Story of TrackGrip: Innovation, Patents, and Engineering Mastery*, TrackGrip, https://trackgrip.com/the-story-of-trackgrip-innovation-patents-and-engineering-mastery/ (last visited June 17, 2025).

29.     On June 7, 2024, Burling filed U.S. Patent Application No. 18/737856, titled *Device for Enhancing Traction of a Tracked Vehicle*, which was granted on April 15, 2025, as U.S. Patent No. 12,275,470. Ex. A.

30.     Application No. 18/737856 was a continuation of International Application No. PCT/NZ2023/050132, which was filed on November 16, 2023. *Id.*

31.     International Application No. PCT/NZ2023/050132 claims the benefit of Provisional Applications Nos. 63/425825, filed November 16, 2022, 63/483124, filed February 3, 2023, and 63/518789, filed August 10, 2023. *Id.*

32.     The '470 Patent is assigned to JB Innovations. *Id.*

33.     The ChainGrip product is sold in the United States through authorized dealers, including dealers in Illinois and this Judicial District.

34.     TrackGrip maintains a list of products covering each of its flagship products on its website and has continuously marked its U.S. products with reference to its website and/or patent numbers. *See, e.g.*, *ChainGrip*, TrackGrip, https://trackgrip.com/chaingrip/ (last visited June 17, 2025).

10

## THE DEFENDANT

35.    Chains for Tracks is an Idaho corporation located in McCall, Idaho. Defendant conducts business throughout the United States, including within Illinois and in this Judicial District, through the operation of a fully interactive commercial website and authorized agents. Defendant has manufactured, offered to sell and, on information and belief, has sold and continues to sell Accused Products to consumers within the United States, including Illinois and in this Judicial District.

## DEFENDANT'S UNLAWFUL CONDUCT

36.    Defendant manufactures and sells "chains" for track driven vehicles.

37.    Defendant's "chains" infringe the '470 Patent (the "Accused Products").

38.    Defendant asserts that James Hamblin began developing the Accused Products in November or December of 2022[1] after he "realized driving a skid steer in snowy McCall, Idaho is impossible." *About Us*, Chains for Tracks, https://chainsfortracks.com/about-us/ (last visited June 17, 2025).

---

[1] The first recorded snowfall in Boise, Idaho in 2022 was on November 4, 2022. Exhibit D, May 29, 2025 Screenshot of: *Snowfall Totals History for Garden Valley, 83622*, Certified Snowfall Totals, https://certifiedsnowfalltotals.com/storm_history/history/lD/225/14357/Garden%20Valley%2C0/o2083622.

39.     Like Plaintiffs' ChainGrip track attachment product, the Accused Products have two opposing brackets with a chain extending between the brackets.



*How to Measure Your Track*, Chains for Tracks,

https://chainsfortracks.com/product-size-information/ (last visited June 17, 2025).

40.     Further, the Accused Products have an adjustable bolt and washer system that allows them to fit different width tracks. *Id.* (explaining that the Accused Products include a C-Clamp, square bevel washer, lock washer, and bolt).

41.     Examples of the Accused Products installed on a skid steer are produced below. *Home Page*, Chains for Tracks, https://chainsfortracks.com/ (last visited June 17, 2025).

 

42.     On October 12, 2023, Hamblin filed U.S. Patent Application No. 18/379594, titled *External Traction Device for Endless Tracks*, which was granted on March 19, 2024, as U.S. Patent No. 11,932,331 (the "'331 Patent").

43.     The '331 Patent claims the benefit of Provisional Application No. 63/478731, which was filed on January 6, 2023. U.S. Patent No. 11,932,331, at 1.

44.     The Accused Products are offered for sale throughout the United States, including in Illinois and this Judicial District, on Defendant's Internet Store and through Internet stores operated by authorized dealers. *See Become a Chains for Tracks Product Dealer*, Chains for Tracks, https://chainsfortracks.com/become-a-dealer/ (last visited June 17, 2025).

45.     On information and belief, the Accused Products were first offered for sale throughout the United States, including Illinois and this Judicial District, on Defendant's Internet Store in April 2024.

46.     The Accused Products are also offered for sale throughout the United States, including in Illinois and this Judicial District, through authorized dealers.

47.     A reasonable opportunity for discovery will show that in 2024, Chains for Tracks reported substantial revenue, including substantial sales of the Accused Products.

48.     In the claim charts that follow, TrackGrip identifies a response in the Defendant's Accused Products for each limitation of two representative claims of the '470 Patent. Each row is an allegation under Fed. R. Civ. P. 8(b)(1)(B) that must be admitted or denied.

## COUNT I − PATENT INFRINGEMENT, U.S. PATENT NO. 12,275,470 (35 U.S.C. § 281)

49.     The allegations in the preceding paragraphs are incorporated herein.

50.     This claim is brought under 35 U.S.C. §§ 271 and 281 and the court has original and exclusive jurisdiction under 28 U.S.C. § 1338.

51.     JB Innovations is the owner of duly issued U.S. Patent No. 12,275,470 (Ex. A) titled *Device for Enhancing Traction of a Tracked Vehicle* and has been the owner at all times material to this claim. TrackGrip has been the sole licensee responsible for the commercialization of the products embodying the '470 Patent at all times material to this claim.

52.     Defendant has known of the '470 Patent and its applicability to its various Accused Products, both constructively through TrackGrip's notice on its website and marking practice and actually through notice received from TrackGrip.

53.     On October 11, 2024, counsel for Plaintiffs sent an email to counsel for Defendant. In that email, Defendant was provided a copy of JB Innovations' U.S. Patent Application No. 18/737856 and was requested to cease and desist from making, using, or offering for sale any traction improvement devices that incorporate the features claimed in Application No. 18/737856, including its Accused Products. *See* Ex. B, First Cease and Desist Letter.

54.     On December 10, 2024, counsel for Plaintiffs sent a second email to counsel for Defendant. In that email, Defendant was requested again to cease and desist from making, using or offering any traction improvement devices that incorporate the features claimed in Application No. 18/737856. *See* Ex. C, Second Cease and Desist Letter.

55.    Further, since at least October 2024, the parties have engaged in direct communications regarding the Accused Products, the '470 Patent, Defendant's infringement thereof, and possible settlement of this matter.  To date, no resolution has been reached.

56.    Defendant is and has been making, using, selling, and offering for sale, without authority, the Accused Products that directly and/or indirectly infringe the '470 Patent.

57.    The Accused Products infringe, either literally or by equivalence, at least one claim of the '470 Patent, as shown in the following claim charts, using independent claims 1 and 10 of the '470 Patent as representative claims:

| Claim 1 of the '470 Patent | Defendant's Accused Products |
|---|---|
| 1. A device for use with a track of a continuous tracked vehicle for enhancing traction, the track having a width extending between a first edge and a second edge, the device comprising: |  *How to Measure Your Track*, Chains for Tracks, https://chainsfortracks.com/product-size-information/ (last visited June 17, 2025) (emphasis added). On information and belief, Defendant's Accused Products are a device for use with a track of a continuous tracked vehicle. The Accused Products appear on the track of a skid steer in the above picture, extending between at least a first and second edge of the track, as labeled above. |
| a first bracket and a second bracket, each bracket comprising | On information and belief, Defendant's Accused Products include a first and second bracket, each comprising a body and mouth portion. A reasonable opportunity for discovery will likely show that the first bracket uses a C-clamp to engage with a first edge of the track of a tracked vehicle, for example, a skid steer. *How to Measure Your Track*, Chains for Tracks, |

| Claim 1 of the '470 Patent | Defendant's Accused Products |
|---|---|
| a body forming a mouth portion, the mouth portion of the first bracket being engageable with the first edge of the track and the mouth portion of the second bracket engageable with the second edge of the track; and | https://chainsfortracks.com/product-size-information/ (last visited June 17, 2025)<br><br>Similarly, a reasonable opportunity for discovery will likely show that Defendant's second bracket uses a C-clamp to engage with a second edge of the track of a tracked vehicle, for example, a skid steer.<br><br>Emphasized images of Defendant's Accused Products are shown below with markings showing each alleged bracket and mouth portion.<br><br>First Bracket<br><br><br><br>*Step-By-Step Installation Guide*, Chains for Tracks, https://chainsfortracks.com/installation/ (last visited June 17, 2025) (emphasis added). |

| Claim 1 of the '470 Patent | Defendant's Accused Products |
| --- | --- |
| | Second Bracket<br><br><br><br>*Id.* (emphasis added).<br><br><br><br>*Id.* As shown in the image above, a reasonable opportunity for discovery will likely show that the brackets of Defendant's Accused Products are configured to engage with the edges of the track of a tracked vehicle, for example, a skid steer. |
| a ground engaging feature comprising an elongate member, the elongate member extending |  |

| Claim 1 of the '470 Patent | Defendant's Accused Products |
|---|---|
| between the first bracket and the second bracket, | *Id.* (emphasis added). As shown above, a reasonable opportunity for discovery will likely show that the brackets of Defendant's Accused Products comprise an elongate member between the two brackets. A reasonable opportunity for discovery will likely show that the Accused Products contain a chain between their two brackets, which may serve as an elongate member. As explained in the '470 Patent, "[i]n some configurations, the elongate member is a chain. . . ." Ex. A at 6:37-38. |
| wherein the body of each bracket comprises a top flange and a bottom flange arrangeable proximal to a top surface and a bottom surface of the track respectively, the body further comprising a web extending between the top flange and the bottom flange, the | A reasonable opportunity is likely to show that the C-clamp of each bracket of Defendant's Accused Products comprises at least a top flange, bottom flange, and web. The top and bottom flanges form the top and bottom of the "C" shape, while the web forms the middle of the C shape. In order to engage with the side of the track of a tracked vehicle, the C-clamp of the Accused Products must include at least these features.<br><br>A representative image of a bracket from Defendant's Accused Products is produced below with markings demonstrating the flanges and web. |

| Claim 1 of the '470 Patent | Defendant's Accused Products |
|---|---|
| mouth portion being formed within the top flange, bottom flange and web, | <br><br>*Step-By-Step Installation Guide*, Chains for Tracks, https://chainsfortracks.com/installation/ (last visited June 17, 2025) (emphasis added). |
| a first end of the elongate member being removably connected to the first bracket, and a second end of the elongate member being connected to the second bracket, | A reasonable opportunity for discovery will likely show that Defendant's Accused Products include threading on the bolt connecting the first bracket to the first end of the chain, implying that it is to be removably connected.<br><br>A reasonable opportunity for discovery will likely show, as seen in the screenshot below, that the Accused Products include at least a threaded bolt configured to attach to one end of its chain through a bracket. |

| Claim 1 of the '470 Patent | Defendant's Accused Products |
|---|---|
| |  |

*Step-By-Step Installation Guide*, Chains for Tracks, https://chainsfortracks.com/installation/ (last visited June 17, 2025) (emphasis added).

Further, a reasonable opportunity for discovery will likely show, as seen in the screenshot below, that Defendant's Accused Products include at least a second bracket connected to the other end of its chain



*Id.* (emphasis added).

| Claim 1 of the '470 Patent | Defendant's Accused Products |
|---|---|
| the first bracket comprising an adjustment mechanism to adjust a distance between the first end of the elongate member and the body of the first bracket, the adjustment mechanism comprising a first connection member positioned within the mouth portion, the first connection member removably connecting the elongate member to the adjustment mechanism, and |  *Step-By-Step Installation Guide*, Chains for Tracks, https://chainsfortracks.com/installation/ (last visited June 17, 2025) (emphasis added).<br><br>A reasonable opportunity for discovery will likely show that Defendant's Accused Products use at least a first connection member through the bolt/threaded member pictured above.<br><br>As described in the '470 Patent, "[i]n some configurations, the first connection member is connected to a threaded bar. . . . In some configurations, the threaded bar is a threaded bolt." Ex. A at 5:4-10. The threading renders it removable, further, this is how the product functions to be removed from tracks when worn out. Defendant's website describes this as a lock washer and bolt. *How to Measure Your Track*, Chains for Tracks, https://chainsfortracks.com/product-size-information/ (last visited June 17, 2025). |

| Claim 1 of the '470 Patent | Defendant's Accused Products |
|---|---|
| | |
| the elongate member is a chain, wherein the chain comprises at least one chain link. | <br><br>*Step-By-Step Installation Guide*, Chains for Tracks, https://chainsfortracks.com/installation/ (last visited June 17, 2025) (emphasis added).<br><br>As shown above, a reasonable opportunity for discovery will likely show that Defendant's Accused Products' elongate member is a chain with at least one link. *Id.* |

24

| Claim 10 of the '470 Patent | Defendant's Accused Products |
|---|---|
| 10. A device for use with a track of a continuous tracked vehicle for enhancing traction, the track having a width extending between a first edge and a second edge, the device comprising: | <br><br>*How to Measure Your Track*, Chains for Tracks, https://chainsfortracks.com/product-size-information/ (last visited June 17, 2025) (emphasis added).<br><br>On information and belief, Defendant's Accused Products are a device for use with a track of a continuous tracked vehicle. The Accused Products appear on the track of a skid steer in the above picture, extending between at least a first and second edge of the track, as labeled above. |

| Claim 10 of the '470 Patent | Defendant's Accused Products |
|---|---|
| a. a chain having a first end for connecting to a first bracket and second end connected to a second bracket; and |  Chains for Tracks, Inc., *Chains for Tracks Installation*, YouTube, at 1:45 (Dec. 2, 2023), https://youtu.be/OldQEUSk-Lg?si=0eublTDKcrYqp0JR (emphasis added).<br><br>A reasonable opportunity for discovery will likely show that Defendant's Accused Products utilize at least two brackets connected to at least two ends of a chain, as shown in the emphasized screenshot above. |

| Claim 10 of the '470 Patent | Defendant's Accused Products |
|---|---|
| b. a tubular member attached to the chain first end, the tubular member having an internal thread for receiving a threaded bar. |  Chains for Tracks, Inc., *Chains for Tracks Installation*, YouTube, at 1:25 (Dec. 2, 2023), https://youtu.be/OldQEUSk-Lg?si=0eublTDKcrYqp0JR (emphasis added).<br><br>A reasonable opportunity for discovery will likely show that Defendant's Accused Products include at least one tubular member attached to an end of its chain and the tubular member contains threading to receive a threaded bar or bolt. For example, in the installation tutorial for the Accused Products, the video describes one step as "[t]hread the second cleat onto the outside of the chain." *Id.*<br><br>Further, Defendant's installation instructions for its Accused Products discuss "align[ing] the *bolt* into the hex nut." *Step-By-Step Installation Guide*, Chains for Tracks, https://chainsfortracks.com/installation/ (last visited June 17, |

| Claim 10 of the '470 Patent | Defendant's Accused Products |
|---|---|
|  | 2025) (emphasis added). A reasonable opportunity for discovery will likely show that the "bolt" used in the Accused Products is threaded and that a member attaches to the chain that contains an internal threading to receive said bolt. |

58.     Defendant directly infringes the claims of the '470 Patent at least by making, selling, and offering for sale the Accused Products.

59.     A reasonable opportunity for discovery is likely to show that, with knowledge or willful blindness of the '470 Patent, Defendant indirectly infringes the '470 Patent by actively and knowingly inducing its customers to directly infringe the '470 Patent through, at a minimum, selling, providing support for, and providing instructions for the use of its Accused Products with the intent to encourage its customers to use the Accused Products. Defendant knows that its customers infringe the '470 Patent by the normal and intended use of its Accused products. *See Step-By-Step Installation Guide*, Chains for Tracks, https://chainsfortracks.com/installation/ (last visited June 17, 2025).

60.     Defendant is also a contributory infringer, because at least one of Defendant's Accused Products is a customized component, which is not a staple article of commerce, and has no substantial non-infringing use. *See How to Measure Your Track*, Chains for Tracks, https://chainsfortracks.com/product-size-

28

information/ (last visited June 17, 2025) (explaining that chains for ASV and Terex tracks are only made via custom order). A reasonable opportunity for discovery will show that these customized products are material parts of the invention of the '470 Patent and that Defendant sells them despite knowing of the '470 Patent and that use of the products infringes the '470 Patent.

61. Defendant willfully infringes the '470 Patent, as defined by 35 U.S.C. § 271, due to its prior knowledge of the '470 Patent and its infringement. A reasonable opportunity for discovery will show that Defendant knew of Plaintiffs' ChainGrip track attachment product and patents before selling its Accused Products.

62. Defendants have infringed the '470 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant's wrongful conduct has caused Plaintiffs to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented product. A reasonable opportunity for discovery is likely to show that Defendant's continued sale of its Accused Products is eroding Plaintiffs' position and pricing power in the market. Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.

63.     Plaintiffs are entitled to damages adequate to compensate Plaintiffs for Defendant's infringement, as provided by 35 U.S.C. § 284 and in no event less than a reasonable royalty.

## JURY DEMANDED UNDER FED. R. CIV. P. 38

Plaintiffs demand a jury on all issues so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request the following relief:

1.      A judgment that Defendant has infringed one or more claims of the asserted '470 Patent;

2.      An accounting for Defendant's profits;

3.      All compensatory and punitive damages as may be allowed by statute or law, including under 35 U.S.C. § 284;

4.      A judgment and order requiring Defendant to pay Plaintiffs their damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the asserted '470 Patent;

5.      A judgment that Defendant's infringement was willful;

6.     An award to Plaintiffs for enhanced damages resulting from Defendant's deliberate, willful, and bad faith conduct, as provided under 35 U.S.C. § 284; and

7.     An award to Plaintiffs of their reasonable attorney fees, as provided under 35 U.S.C. § 285;

8.     A decree preliminarily and permanently enjoining Defendant, its principals, officers, directors, employees, agents, successors, assigns, and any persons in active concert with them from infringing, directly or indirectly, the asserted '470 Patent, including immediately ceasing all marketing, offers for sale, sales, and support of systems covered by the patent, under 35 U.S.C. § 283.

Respectfully submitted,

Dated: June 17, 2025                    */s/ Ronald A. DiCerbo*

Ronald A. DiCerbo
Christian Havel Hallerud
**McAndrews Held & Malloy, Ltd.**
500 West Madison Street, 34th Floor
Chicago, IL 60661
Phone: (312) 775-8000
Email: rdicerbo@mcandrews-ip.com
          challerud@mcandrews-ip.com

*Attorneys for Plaintiffs JB*
*Innovations Ltd. and Carac*
*International, Ltd., d/b/a TrackGrip*